**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Sarah R. Lavelle, Esq. (93383)                                          *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
slavelle@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MIGNON DUSON** | : | **Civil Action No.** |
| **139 W Tulpehocken Street, Apartment G1** | : | |
| **Philadelphia, PA 19144** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **THE LENFEST GROUP, LLC d/b/a** | : | |
| **SMILE EXCHANGE OF WARRINGTON, LLC** | : | |
| **259 Metro Drive** | : | |
| **Warrington, PA 18976** | : | |
| | : | |
| **565 East Swedesford Road, Suite 303** | : | |
| **Wayne, PA 19087** | : | |
| **Defendant.** | : | |

## CIVIL ACTION

Plaintiff, Mignon Duson (hereinafter "Plaintiff"), by and through her attorney, Koller

Law, LLC, bring this civil matter against The Lenfest Group, LLC d/b/a Smile Exchange of

Warrington, LLC (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act

and the Pennsylvania Human Relations Act ("PHRA").  In support thereof, Plaintiff avers as

follows:

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, The Lenfest Group, LLC d/b/a Smile Exchange of Warrington, LLC is a chain of dental offices with a location at 259 Metro Drive, Warrington, PA 18976 and a corporate headquarters located at 565 East Swedesford Road, Suite 303, Wayne, PA 19087.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.  In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the

United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under Title VII and PHRA.

13. Plaintiff timely filed a Complaint of Discrimination ("Complaint") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging race discrimination against Defendant.

14. The Complaint was assigned a Charge Number 530-2018-05212 and was dual filed with the Pennsylvania Human Relations Commission.

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") dated December 19, 2018. Plaintiff received the Notice by mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter.

3

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## **MATERIAL FACTS**

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff is an African-American adult female.

21. On January 24, 2017, Defendant hired Plaintiff as a Patient Service Associate at its Trooper, PA location.

22. Plaintiff was well qualified for her position and performed well.

23. In February 2017, T.J. Jafari (Middle Eastern), VP of Operations, promoted Plaintiff to Acting Practice Manager at Defendant's Warrington, PA location.

24. Mr. Jafari informed Plaintiff that if the position did not work out that she would be placed back at Defendant's Trooper, PA location as a Patient Service Associate.

25. Plaintiff accepted the position because of this representation that Mr. Jafari made to her.

26. In the beginning of March 2017, Plaintiff was brought to Defendant's Turnersville, NJ location for training.

27. However, Plaintiff only spent two (2) days at Defendant's Turnersville, NJ location and she was not properly trained.

28. In or around late May 2017, Defendant promoted Plaintiff to Practice Manager.

29. Mr. Jafari was extremely critical of Plaintiff's work product as a Practice Manager, despite the Warrington, PA's location's numbers vast improvement under Plaintiff's management.

30. Mr. Jafari was so critical of Plaintiff's work product that Dr. Victoria Crow even noted it and told Plaintiff that she was concerned about his treatment of Plaintiff on multiple occasions.

31. On February 7, 2018, Plaintiff met with Mr. Jafari and Andy McKinley (Caucasian), President, who terminated her due to her accounts receivable percentage not being low enough and for not conducting enough marketing.

32. Plaintiff was not offered the position of Patient Service Associate.

33. Carmen LNU (Hispanic), Practice Manager of Turnersville, and Steve Morris (Caucasian), Practice Manager of Malvern, had worse accounts receivable percentages than Plaintiff.

34. Also, Mr. Morris and Sandy Fink (Caucasian), Program Manager of Springfield, did not conduct any marketing events.

35. In addition, Lori Dengler (Caucasian), Program Manager of Trooper, did not reach her production goals.

36. However, Carmen, Mr. Morris, Ms. Fink and Ms. Dengler were not disciplined or terminated by Defendant.

## COUNT I – RACE DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

37. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

38. Plaintiff is a member of protected classes in that she is African-American.

39. Plaintiff was qualified to perform the job for which she was hired.

40. Plaintiff suffered adverse job actions, including, but not limited to termination.

41. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

42. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

43. Defendant discriminated against Plaintiff on the basis of race.

44. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

45. The reasons cited by Defendant for the above cited adverse employment action that Plaintiff suffered are pretext for discrimination.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT II – RACE DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

46. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

47. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her race (African-American).

48. As a result of Defendant's unlawful race discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, Mignon Duson, requests that the Court grant her the following relief against Defendant:

     (a)     Compensatory damages;

     (b)     Punitive damages;

     (c)     Emotional pain and suffering;

(d)     Reasonable attorneys' fees;

(e)     Recoverable costs;

(f)     Pre and post judgment interest;

(g)     An allowance to compensate for negative tax consequences;

(h)     A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the Title VII and the PHRA.

(i)     Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(j)     Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(k)     Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

7

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: March 20, 2019           **By:**  *David M. Koller*

David M. Koller, Esquire (90119)
Sarah R. Lavelle, Esquire (93383)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
slavelle@kollerlawfirm.com

*Counsel for Plaintiff*

8